# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| SANDRA VEAL,<br>                Plaintiff,<br><br>v.<br><br>ELI LILLY and COMPANY and LILLY USA, LLC,<br>                Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Sandra Veal                                    .

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____, as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendants**

5. Plaintiff/Decedent's Representative is/are suing the following Defendant (check all that apply):

   ____ Novo Nordisk Inc.

   ____ Novo Nordisk A/S

   X    Eli Lilly and Company

   X    Lilly USA, LLC

   ____ other(s) (identify): _____

## **JURISDICTION AND VENUE**

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Pineville, Louisiana

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Louisiana

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Louisiana

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Pineville, Louisiana

10. Jurisdiction is based on:

    __X__   diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____   other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    United States District Court for the Western District of Louisiana

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

     \_\_\_\_\_ other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

  _____ Ozempic (semaglutide)

  _____ Wegovy (semaglutide)

  _____ Rybelsus (oral semaglutide)

  _____ Victoza (liraglutide)

  _____ Saxenda (liraglutide)

  __X__ Trulicity (dulaglutide)

  _____ Mounjaro (tirzepatide)

  _____ Zepbound (tirzepatide)

  _____ Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

  May 2023-December 2023.

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    _____ Gastroparesis

    _____ Other gastro-intestinal injuries (specify) _____

    _____ Ileus

    _____ Ischemic Bowel/Ischemic Colitis

    _____ Intestinal Obstruction

    _____ Necrotizing Pancreatitis

    __X__ Gallbladder Injury (specify) (Cholecystectomy )_____

    _____ Micronutrient Deficiency

    _____ Wernicke's encephalopathy

    _____ Aspiration

    _____ Death

    _____ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    November 2023.

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product, Plaintiff suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

<u>  X  </u>   Injury to self

\_\_\_\_\_ Injury to person represented

\_\_\_\_\_ Economic loss

\_\_\_\_\_ Wrongful death

\_\_\_\_\_ Survivorship

\_\_\_\_\_ Loss of services

\_\_\_\_\_ Loss of consortium

\_\_\_\_\_ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    _X_    Count I:    Failure to Warn – Negligence

    _X_    Count II:    Failure to Warn – Strict Liability

    _X_    Count III:    Breach of Express Warranty/Failure to Conform to Representations

    _X_    Count IV:    Breach of Implied Warranty

    _X_    Count V:    Fraudulent Concealment/Fraud by Omission

    _X_    Count VI:    Fraudulent/Intentional Misrepresentation

    _X_    Count VII:    Negligent Misrepresentation/Marketing

    _X_    Count VIII:    Strict Product Liability Misrepresentation/Marketing

    ____    Count IX:    Innocent Misrepresentation/Marketing

    _X_    Count X:    Unfair Trade Practices/Consumer Protection (see below)

    ____    Count XI:    Negligence

    ____    Count XII:    Negligent Undertaking

    _X_    Count XIII:    State Product Liability Act (see below)

    ____    Count XIV:    Wrongful Death

    ____    Count XV:    Loss of Consortium

    ____    Count XVI:    Survival Action

    ____    Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. § 51:1401 et seq. including, but not limited to, La. R.S. § 51:1403, La. R.S. 51:1405, and La. R.S. § 51:1409(A).

   b. Identify the factual allegations supporting those claims (by subsection, if applicable):

   Defendants misled consumers regarding the safety and risks associated with use of their GLP-1 RA Products by overstating benefits and understating risks from using the products. For more particular facts, see Counts I through X and XIII of the Amended Master Complaint (Doc. 481) and the Factual Allegations Section of the Amended Master Complaint, paragraphs 29 – 110 and 153 – 603.

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   LA. Stat. § 9:2800.51; LA. Stat. §9:2800.52; LA. Stat. §9:2800.54; LA. Stat. §9:2800.56. LA. Stat. §9:2800.57; LA. Stat. §9:2800.58.

   b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

   Plaintiff's claims for failure to warn (negligence and strict liability), strict product liability misrepresentation/marketing, and breach of express warranty are subsumed withing and asserted pursuant to the Louisiana Products Liability Act (*La. R.S. §§ 9:2800.51 et seq.*). All other theories of recovery identified in Paragraph 19, including breach of implied warranty fraudulent concealment, fraudulent misrepresentation, and negligent misrepresentation, are pled in the alternative and/or to the extent such claims are not preempted by the LPLA.

   c. Identify the factual allegations supporting those claims:

   Defendants as both a seller and manufacturer of the GLP-1 product produced a defective product that was inherently unsafe and known to be unsafe and which defendants knew could have been designed to be safer, and that would cause injury as produced and sold. Defendants also failed to provide adequate warnings or information with regard to their product and misled consumers regarding the safety and the risks associated with their GLP-1 product by overstating benefits and understating risks from using the products. See counts I though XIII, and the Factual Allegations section paragraphs 29-110 and 153-603, of the Amended Master Complaint (Doc. No. 481).

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>N/A</u>. If so, attach such notice.

## RELIEF

Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiffs may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Date: <u>02/11/2026</u>

By:

*/s/ Thomas Roe Frazer III*
Thomas Roe Frazer III
(#33296)
FRAZER PLC
30 Burton Hills Blvd, Ste 450
Nashville, TN 37215
(615) 647-6464 (Telephone)
(615) 307-4902 (Fax)
trey@frazer.law
*Attorney for Plaintiff*